UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            v.<br><br>BENNIE A. MAYE,<br><br>            Defendant. | Criminal Case No. 11-cr-0089 (BAH)<br>(**UNDER SEAL**) |

## STANDING ORDER FOR CRIMINAL CASES

### READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.

It is the responsibility of counsel and the Court "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." FED. R. CRIM. P. 2.  In order to administer this case in a manner consistent with this responsibility, it is **ORDERED** that the parties comply with the following directives:

1. **CORPORATIONS AS DEFENDANT OR VICTIM**
   To facilitate the Court's determination of the need for recusal, in all criminal cases where a nongovernmental corporation is a defendant, counsel of record for that corporation shall file, in accordance with Local Criminal Rule 44.6[1] and Federal Rule of Criminal Procedure 12.4(a)(1), a certificate listing for that party any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10 percent or more of its stock. Such certificate shall be filed at the time of the counsel's first appearance. The government shall disclose, pursuant to Federal Rule of Criminal Procedure 12.4(a)(2), the same information for any corporation that is a victim of the alleged criminal activity. Counsel and the government shall have the continuing obligation to advise the Court of any change.

2. **GUIDELINES FOR SUBMISSIONS**
   The parties must ensure that motions and related submissions comply with Local Criminal Rules 47 and 49.1.  A party filing or opposing a motion must include a proposed order setting forth the relief or action sought.  With regard to format, submissions should be double-spaced, in 12-point Times New Roman font, with page numbers and margins of no less than one inch.  All citations contained in submissions must include exact page

---

[1] The Local Criminal Rules are available at http://www.dcd.uscourts.gov/dcd/rules-forms

references (pincites). Memoranda of points and authorities in support of and in opposition to motions **may not exceed 45 pages, and replies may not exceed 25 pages**.

3. **COURTESY COPIES FOR CHAMBERS**[2]

   The parties must provide the Court with a courtesy copy, marked as such, of a submission that:
   a. is more than 15 pages;
   b. includes exhibits or attachments totaling more than 5 pages;
   c. relates to applications for a preliminary injunction or temporary restraining order; or
   d. relates to matters set for hearing within the next 7 business days.[3]

   Before delivering the courtesy copy to chambers, parties should file the original submission and, for submissions relating to matters set for hearing, indicate the hearing date on the courtesy copy and the delivery envelope.

4. **COMMUNICATIONS WITH CHAMBERS**

   Except as authorized in this order, the parties may not contact chambers by telephone. If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via telephone conference call to avoid *ex parte* communications. Chambers may not provide legal advice of any kind.

5. **MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**

   Motions for extensions of time or for continuances of Court proceedings are strongly discouraged. The parties should work within the time frames set by Court order. When good cause is present, however, the Court will consider such a motion that:
   a. is filed at least 4 business days prior to the deadline the motion is seeking to extend or the scheduled hearing date;[5] and
   b. states:
      i. the original date of the deadline the motion is seeking to extend or the scheduled hearing date;
      ii. the number of previous extensions of time or continuances granted to each party;
      iii. the good cause supporting the motion;
      iv. the effect that the granting of the motion will have on existing deadlines;
      v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
      vi. the opposing party's position on the motion, including any reasons given for refusing to consent.

---

[2] This paragraph does not apply to *in camera* submissions.

[3] A "business day" is any day that is not a Saturday, Sunday, or "legal holiday" as defined by Federal Rule of Civil Procedure 6(a). In all sealed cases, parties will deliver a courtesy copy to chambers of any submission on the day it is filed with the Court to avoid any delay in receiving notice of the sealed matter.

[5] In the event of an emergency, the four-day rule may be waived, but counsel must still file a motion in writing.

6. **ORAL ARGUMENT**
   Pursuant to Local Criminal Rule 47(f), parties may request oral arguments by letter at the time of filing their motion or opposing or reply papers. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

7. **DISCOVERY**
   The Court strongly encourages the parties to attempt to resolve all discovery disputes informally. If a party must file a motion pertaining to a discovery matter, the motion must comply with Local Criminal Rule 16.1.

8. **INTERPRETIVE SERVICES**
   Counsel shall notify the Courtroom Deputy Clerk at least ten days in advance of any status conference, motions hearing, plea or trial if the defendant or any witness will require interpretive services provided by the Court.

9. **PLEA HEARINGS**
   *At least 2 business days* before the hearing, counsel must submit to the Court:
   a. the written plea agreement or an outline of the agreement if it has not been reduced to writing;
   b. any superseding indictment or new information, if applicable;
   c. for each count to which the defendant intends to plead guilty:
       i. the elements of the offense;
       ii. the factual proffer the defendant is prepared to acknowledge;
       iii. the applicable statutory minimum (if applicable) and maximum penalty;
       iv. the estimated applicable Guideline offense level and range; and
   d. if the defendant is not a United States citizen, written notice as to whether the defendant will be pleading guilty to an "aggravated felony" as defined by 18 U.S.C. §1101(a), which would subject the defendant to mandatory deportation.

10. **JOINT PRETRIAL STATEMENT**
    The parties must file with the Court *at least 10 business days before the pretrial conference,* a Joint Pretrial Statement that includes:
    a. a one-paragraph joint statement of the case for the Court to read to prospective jurors;
    b. proposed *voir dire* questions that include:
        i. the *voir dire* questions on which the parties agree; and
        ii. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);
    c. list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:
        i. the instructions on which the parties agree;
        ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if

any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority (e.g., *United States v. Taylor*, 997 F.2d 1551, 1555-6 (D.C. Cir. 1993));
d. <u>list of expert witnesses</u>, accompanied by a brief description of each witness' area of expertise and expected testimony, followed by specific objections (if any) to each witness;
e. <u>any motions *in limine*</u>, with citations to legal authority, that the parties reasonably anticipate will arise at trial, **accompanied by any oppositions and replies thereto**;
f. <u>list of prior convictions</u> that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;
g. <u>list of exhibits</u> that each party intends to offer during trial, together with the exhibits marked numerically. The written list must contain a brief description of each exhibit, and the defendant and the count to which the exhibit pertains. If the total number of pages of exhibits exceeds 25, the parties should submit the exhibits in a separate binder. The defense may provide the same to the Court *in camera*.
h. <u>any stipulations</u>, signed by counsel and the defendant(s); and
i. <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

The parties must submit to chambers a courtesy copy of the Joint Pretrial Statement. The jury instructions section should be formatted so that each individual jury instruction begins on a new page. Finally, the courtesy copy should be three-hole punched, with each section separated by labeled tab dividers.

**11**.  **MOTIONS IN LIMINE**
The Court will entertain late motions *in limine* for which there is a compelling explanation only if filed **at least 8 business days** prior to the date set for jury selection. Oppositions to late motions must be filed **at least 5 business days** prior to jury selection, and replies must be filed at least 4 business days prior to jury selection. The Court will not consider motions *in limine* that relitigate issues already resolved by the Court.

**12**.  **RECORDINGS**
If there are recordings to be used in this case, counsel for both sides shall resolve any disputes between any alleged inaccuracy of the transcripts and the recordings. If it proves impossible for counsel to resolve the dispute, they shall so advise the Court **at least two (2) days before** trial so that the Court will not be confronted mid-stream with this problem and the resulting delay and expense to the parties and the Court.

**13**. **TRIAL PROCEDURES**
The following rules are intended to ensure that the trial proceeds in a fair, efficient, and dignified manner:

a. Schedule: Unless the parties are otherwise notified, the Court will convene the jury portion of the trial **from 9:30 a.m. to 12:30 p.m**. and **1:45 p.m. to 5:00 p.m**., Monday through Friday, unless the trial is expected to last more than two weeks, in which case the jury will not sit on Fridays.  The parties must be in the Courtroom at least 5 minutes before Court is scheduled to begin or resume.  After trial begins and following recesses, the defendant(s), **if on bond**, shall be required to be present unless prior approval is given by the Court to be absent.

b. General Courtroom Rules:  The Court expects the parties to exercise civility at all times.  Unless leave is otherwise granted, counsel shall:
   i. examine witnesses or address the jury from the lectern;
   ii. obtain permission before approaching a hostile or adverse witness;
   iii. stand when raising objections;
   iv. remain seated when the jury is entering or leaving the Courtroom;
   v. remain in the Courtroom once Court is in session;
   vi. direct all statements to the Court rather than to the opposing party; and
   vii. refer to all witnesses, over the age of 18, including their client, as "Mr." or "Ms." rather than first name or nickname.

c. *Voir Dire*: The Court will conduct *voir dire* and will consider proposed *voir dire* questions submitted by the parties.  Where warranted, the Court will allow the parties to ask additional questions of prospective jurors at the bench.

d. Technical Equipment: Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019.

e. Motions or Objections During Trial:
i. For motions to be resolved on the following trial day, the parties must submit motions to the Court (by fax transmission to (202) 354-3452, hand-delivery or email[6]) and the opposing party by no later than 7:00 a.m. on the trial day.  The opposing party must submit its response (if any) to the Court and the moving party by no later than 8:00 a.m. on the same day, using one of the same methods noted above.  The parties are encouraged to submit these objections and responses on the evening preceding the next trial day whenever possible.
ii. **No evidentiary objections shall be argued in the presence of the jury**.  Counsel must state clearly and succinctly the legal basis in a word or phrase for

---

[6] Submission by email should be addressed to Howell_Chambers@dcd.uscourts.gov, unless otherwise directed by the Court.

5

    any objections.  To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused.  Parties should not request bench conferences in lieu of filing motions or raising objections.

f. <u>Bench Conferences</u>:
   i. Defense counsel shall secure a written waiver by the defendant(s) of the right to be present at bench conferences during *voir dire* and trial, and file the same by 9:00 am on the morning of trial.
   ii. Bench conferences are discouraged and should not be requested in lieu of filing motions or raising objections.
   iii. A bench conference should be requested only when necessary because counsel intends pre-clearance (e.g., may refer to missing witness/evidence or potentially inflammatory areas of questioning).
   iv. Counsel should not expect requests to approach the bench to be routinely granted and should, instead, consider whether the issue counsel wishes to address at the bench can wait until a recess has been called.

g. *<u>Sua Sponte</u> <u>Jury Instructions</u>:*  If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the Court with the text of the proposed instruction or else the Court will consider the request waived.  If a party would like the instruction included in the Court's final instructions to the jury, that party bears the responsibility of making such a request to the Court by no later than 4:00 pm on the day prior to the day on which the Court will give the final instructions.

h. <u>Direct and Cross-Examination</u>:
   i. Pursuant to Local Criminal Rule 44.2, unless otherwise permitted by the Court, only one attorney for each side shall examine a witness, address the Court or question a witness during trial, or address the Court or jury in final argument.
   ii. On direct or cross-examination of a witness, counsel shall not be allowed re-cross-examination of any witness;
   iii. On direct or cross-examination of a witness, counsel shall not be allowed to testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence;
   iv. On direct or cross-examination of a witness, counsel shall not be allowed to show the jury a document or anything else that has not yet been received into evidence;
   v. On direct or cross-examination of a witness, counsel shall not be allowed to question a witness about whether or why any other witness would lie on the stand; and
   vi. On direct or cross-examination of a witness, counsel shall not be allowed to offer gratuitous comments and asides about witnesses' testimony or opposing counsel.

i. Witnesses:  A party calling a witness must arrange for the witness' presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness' testimony.  Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.  With the exception of the parties or their representatives, all witnesses must remain outside the Courtroom except when testifying.  Counsel must instruct witnesses not to discuss their testimony after leaving the stand.  Except for a defendant-witness, counsel calling a witness (including law enforcement officers or investigators) to testify must have no further discussions with that witness concerning any aspect of the testimony already given or anticipated after the witness has been tendered for cross-examination and until the witness has been tendered back for redirect.  With regard to a defendant-witness, the Court refers the parties to the guidelines set forth in *United States v. McLaughlin*, 164 F.3d 1, 4-7 (D.C. Cir. 1998), *cert. denied*, 529 U.S. 1079 (1999).

j. Closing Arguments: Throughout the trial and in closing arguments, counsel shall not:
   i. comment adversely on the failure of a defendant to testify on his or her own behalf;
   ii. make statements of personal belief to the jury;
   iii. engage in personal attacks on other counsel;
   iv. appeal to the self-interest of the jurors;
   v. make potentially inflammatory racial, political, or religious comments;
   vi. state personal opinions that concern the credibility of witnesses or that imply personal knowledge;
   vii. comment on or argue inferences from matters or facts that are not in evidence or that have been excluded;
   viii. allude to appellate processes;
   ix. make remarks likely to invoke the jury's sympathy or to excite the jury's prejudice and passions;
   x. make statements regarding the consequences of the jury verdict (e.g., "message to society" via the verdict or potential punishment); or
   xi. make any "golden rule" argument (i.e., arguments in which the government asks jurors to place themselves or their loved ones in the shoes of the victim, or the defense asks jurors to place themselves or their loved ones in the shoes of the defendant).

14. **SENTENCING HEARING**
    a. Sentencing will be generally be scheduled approximately ninety days after entry of the plea.
    b. The probation officer assigned to the case must disclose the draft pre-sentence investigation report to the parties **45 days** after referral (this will be more than 35 days before the date of the scheduled sentencing, as required by FED. R. CRIM. P. 32(e)(2); *Guidelines Manual* §6A1.2(a)).  The parties must submit objections (if any) in writing to the probation officer and opposing party **within 14 days** of that disclosure.  The probation officer must disclose to the parties and file with the Court the final pre-sentence investigation report, noting any unresolved objections, **within 10 days** of the submission of objections.
    c. A party wishing to submit a memorandum in aid of sentencing must do so no later than **10 days** after the probation officer discloses the final pre-sentence investigation report, with responses (if any) **due 5 days thereafter**.  These memoranda and any responses thereto must cite to supporting legal or other authority on which the parties intend to rely.
    d. Any letter from friends, family members, relatives or associates that the defendant would want this Court to consider in connection with sentencing ***should not be sent directly to chambers*** but must be sent to counsel for the defendant to be attached to any memorandum filed by that counsel. If counsel is unable to comply with this time requirement, counsel must immediately file a motion seeking a continuance of the sentencing hearing.

**SO ORDERED**.


DATED:  March 31, 2011                                     /s/ *Beryl A. Howell*
                                                          BERYL A. HOWELL
                                                          United States District Judge